UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
_____:
CHARLES P. LUCY, JR.,              :
                                   : Civil Action No. 09-0705 (SDW)
            Petitioner,            :
                                   :
      v.                           :     **MEMORANDUM**
                                   :     **OPINION**
ATTORNEY GENERAL OF NEW JERSEY,    :     **AND**
                                   :     **ORDER**
            Respondent.            :
_____:

   IT APPEARING THAT:

1. On February 2, 2009, the Clerk received a § 2254 petition seeking a writ of habeas corpus ("Petition"); the Petition was submitted by Charles P. Lucy, Jr. ("Petitioner"), an civilly committed individual currently confined at the Bergen Regional Medical Center, Paramus, New Jersey. See Docket Entry No. 1. The Petition asserts that Petitioner's KROL hearing was improperly conducted under the relevant rules of state procedure. See id. According to the Petition, an appeal (challenging certain aspects of Petitioner's then-upcoming KROL hearing but not the aspect expressly challenged in the Petition) was filed in the state courts in December 2008.[1]

---

   1

   Apparently, Petitioner and his commitment court disagree about the date of Petitioner's filing of that appellate application: Petitioner asserts that he filed the application on December 12, 2008, and asserts that the commitment court erroneously held that the date of filing was December 19, 2008. While Petitioner is of opinion that the discrepancy in the date of filing might be relevant to Petitioner's claims, this Court expressly notes that it takes no position on the issue and, in addition, the issue is

2.  A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ." 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See

---

wholly irrelevant to the Court's instant analysis.

Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).  A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.  The petitioner generally bears the burden to prove all facts establishing exhaustion.  See

<u>Toulson</u>, 987 F.2d at 987.  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  <u>See</u> <u>Picard</u>, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  <u>See</u> <u>id</u>. at 277.  Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  <u>See</u> 28 U.S.C. § 2254(c).  Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).

3. Since Petitioner's appeal was filed in December of 2008, and his Petition was received by the Clerk about six weeks later, it appears self-evident that the Petition is unexhausted. Moreover, the factual discussion provided in the Petition unambiguously indicates that Petitioner's appeal addressed issues *other* than those presented to this Court, since this issues had not accrued at the time when Petitioner filed his appeal.  <u>See</u> <u>generally</u>, Docket Entry No. 1 (detailing the

      chain of relevant events).  For this reason, the Petition shall be dismissed, without prejudice, as unexhausted.

4.    Furthermore, Petitioner's claims, as drafted, do not raise a question of federal law.  Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state judgment only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle

v. Isaac, 456 U.S. 107, 120 n.19 (1982). "[E]rrors of state law cannot be repackaged as federal errors [e.g., by] simply citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985). Here, Petitioner's application makes it abundantly clear that the issues currently raised by Petitioner are state law issues, and this Court is without power to re-phrase Petitioner's state-law allegations in terms of federal law: a habeas corpus petition must meet "heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 2(c)), and Petition must "specify all the grounds for relief which are available to the petitioner," and set forth "the facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing Section 2254 Cases.[2] Therefore, the Petition will be

---

[2] See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Keller v. Larkins, 251 F.3d 408, 413-415 (3d Cir. 2001). For example, in Duncan, the Supreme Court held that a claim of "miscarriage of justice" does not qualify as a federal constitutional claim. The Supreme Court cautioned: "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so . . . ." Duncan, 513 U.S. at 366. Significantly, relying on Duncan, the Third Circuit ruled in Keller that denial of a claim

dismissed for failure to state a federal claim. This dismissal, however, is without prejudice to Petitioner's challenging the underlying events in another § 2254 petition, duly exhausted and complying with the requirements of Habeas Rule 2(c).

**THEREFORE IT IS** on this 23rd day of April, 2009,

**ORDERED** that the Petition is dismissed for failure to exhaust state remedies and to assert a federal claim; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c);[3] and it is finally

---

asserting lack of "fair trial" is proper because such claim does not state a federal constitutional violation:

> [A petitioner does] not invoke the federal due process guarantee [if the petitioner merely] claim[s] that admission of the evidence produced a "miscarriage of justice" [or] argues that the [trial process] denied him a "fair trial." Since the Supreme Court found the former language insufficient to give fair notice of a federal due process claim, we are hesitant to attach greater significance to the passing reference to the concept of a "fair trial" on which [the petitioner's] argument rests.

Keller, 251 F.3d at 415; see also Baldwin v. Reese, 541 U.S. 27, 33 (2004) (claim of "ineffective assistance of appellate counsel," which "provides no citation of any case that might have alerted the court to the alleged federal nature of the claim" does not assert a federal claim).

[3] Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional

**ORDERED** that the Clerk shall administratively terminate this action and serve a copy of this Order upon Petitioner by regular U.S. mail.

S/ Susan D. Wigenton
**Susan D. Wigenton**
**United States District Judge**

---

right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Moreover, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's findings as to the issue of exhaustion or as to lack of articulated federal claims debatable. Accordingly, no certificate of appealability will issue.